### LARSH v. THE CITY OF DES MOINES.

1. Cities and Towns: INJURY ON DEFECTIVE STREET: CONTRIBU-
TORY NEGLIGENCE: INSTRUCTION. In an action for an injury to
plaintiff's wife caused by a defect in defendant's street-crossing,
plaintiff asked the court to instruct the jury that knowledge on the
part of his wife of the condition of the crossing, and that it was
dangerous, would not prevent a recovery, if she exercised proper
care while crossing the street. *Held* that it was not error to refuse
this instruction, since every fact which would entitle plaintiff to
recover was stated in an instruction given.

2. ———: ———: GRADE OF SIDEWALK: INSTRUCTION. In such case,
where the injury occurred while passing from the street to the side-
walk, it was not error to refuse to submit to the jury the question
whether the defendant was negligent in not lowering the sidewalk
to a level with the curb of the street, since, all through the court's
instructions, the fact was kept prominent that, if the city should
have constructed an apron or approach from the street, it should
have been from the street to the sidewalk, and not merely to the
top of the curb.

*Appeal from Polk District Court.*—HON. W. F.
CONRAD, Judge.

FILED, MAY 23, 1888.

THIS is action for a personal injury received by the
wife of the plaintiff upon one of the streets of the city,
by reason of a defect in a street-crossing, as is alleged.
There was a trial by jury, and a verdict and judgment
for the defendant. The plaintiff appeals.

*Cole, McVey & Clark*, for appellant.

*Detrick & McMartin* and *Hugh Brennan*, for appellee.

ROTHROCK, J.—I.  It appears that in the year 1883 the city cut down the grade of East Locust street some

1. CITIES and towns: injury on defective street: contributory negligence: instruction.

two feet, and paved the street.  Second street intersects Locust street at right angles, and ends on the south side of Locust street ; that is to say, Second street runs from a point south to an intersection with Locust street, and extends no further. There is a sidewalk east and west on the north side of Locust street, and a sidewalk on the west side of Second street up to its intersection with Locust street.  The sidewalks are some two feet above the level of the street after it was paved.  Curbing was set for the purpose of paving, and the top of the curb was considerably lower than the surface of the sidewalk, which was made of wood, and was not of the full width of the ground intended for a sidewalk.  The city constructed an apron or approach at the intersection of the streets on the south side of Locust street, so that persons could reach the street with reasonable safety.  No apron or approach was made to the sidewalk on the north side of Locust street.  The plaintiff's wife attempted to cross over Locust street, and, in attempting to go upon the sidewalk on the north side, she fell against the curb-stone and sidewalk, and was injured.  The questions submitted to the jury were whether the defendant was negligent in failing to construct an approach from the sidewalk to the street, and whether the plaintiff was free from contributory negligence in attempting to make the crossing.  The evidence tended to show that she knew the condition of the street and crossing before she received the injury complained of.

The plaintiff complains of the refusal of the court to give the following instruction to the jury :

"Knowledge on the part of Mrs. Larsh of the condition of the crossing, and that it was dangerous, will not prevent the plaintiff from recovering if she had this knowledge, and exercised proper care while crossing over to the north side of Locust street."

The court instructed the jury, on its own motion, upon this branch of the case, as follows:

"If you find that plaintiff's wife was injured as alleged, you will first determine whether it was without fault or negligence on her part. Every person is bound to use reasonable care and diligence in walking along and across streets. Reasonable care is that degree of care which an ordinary, careful and prudent person would exercise under the circumstances, and negligence is the want or absence of such care. You are to say whether in walking where, when and as she did, she was guilty of negligence directly contributing to cause the injury; and, in determining that, you are to consider her knowledge of the condition of the locality, the length of time it had been in the condition it was, the nearness or remoteness of proper approaches, if any, which she might have used, and all other facts and circumstances proven. If you find she was guilty of such negligence, then plaintiff cannot recover, even though defendant was negligent as alleged."

In our opinion, the refusal to give the instruction asked was not erroneous, in view of the instruction given. It is true, the jury are not plainly told, in the instruction given, that the fact that the plaintiff's wife knew of the condition of the crossing did not necessarily prevent a recovery. But every fact which would entitle her to a recovery was stated in the instruction. It was surely proper for the jury to consider the fact that she knew of the defect complained of; and as the court, by its instructions, allowed the jury to determine from all the evidence whether she was properly chargeable with contributory negligence, the plaintiff was properly entitled to nothing more specific and definite. If the court had instructed the jury that the plaintiff

could not recover if she knew of the defect, and walked into it, then there might be just cause of complaint.

II.   It is further insisted that the court erred in not submitting to the jury the question whether the defend-ant was negligent in failing to lower the sidewalk to a level with the top of the curbing.   We think there was no error in this.   It will be remembered that, at the place where the accident happened, there was no inter-section of streets.   The sidewalk on the north side of Locust street was a continuous walk.   It is not always required that the grade of sidewalks be lowered to a level with the curb.   They may properly be terraced down to the curb.   Now, all through the court's instruc-tions to the jury, the fact is kept prominent that, if the city should have constructed an apron or approach from the street, it should be from the street to the sidewalk. If this had been done, there would be no ground of com-plaint that the sidewalk was not graded down to a level with the top of the curb.

*2. ——: ——: grade of sidewalk: instruction.*

We discover no ground for a reversal of the judg-ment, and it will be

AFFIRMED.